# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | No. 06-269 |
| JEREMIAH THOMAS | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, Jeremiah Thomas, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has filed an opposition.[2] For the following reason, the motion is **DISMISSED WITH PREJUDICE**.

### *BACKGROUND*

On November 3, 2006, a grand jury returned a true bill with respect to a 31 count superseding indictment charging Thomas with five counts of violating various narcotics and firearms offenses.[3] Count 1 of the superseding indictment charged Thomas with conspiring to possess with the intent to distribute fifty (50) grams or more of cocaine base ("crack") and a quantity of cocaine hydrochloride, both Schedule II narcotic drug controlled substances, and a quantity of heroin and marijuana, both Schedule I drug controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 841(b)(1)(D), all in violation of 21 U.S.C. § 846.[4] Count 2 of the superseding indictment charged Thomas with conspiring to use a firearm during and in relation to a drug trafficking crime and with possessing a firearm in furtherance of

---

[1] R. Doc. No. 432.

[2] R. Doc. No. 437.

[3] R. Doc. No. 12.

[4] *Id.*

1

a drug trafficking crime in violation of 18 U.S.C. § 924(o).[5] Count 25 charged Thomas with a substantive count of possession with the intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and with aiding and abetting the same in violation of 18 U.S.C. § 2.[6] Count 26 charged Thomas with possessing two semi-automatic rifles in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and with aiding and abetting the same in violation of 18 U.S.C. § 2.[7] Count 27 charged Thomas with possessing two firearms having been previously convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2.[8]

On April 9, 2007, the government filed a superseding bill of information pursuant to 21 U.S.C. § 851(a) to establish Thomas's prior conviction for the felony offense of attempted distribution of ecstasy, in violation of La. R.S. § 40: (979) 967.[9] On April 10, 2007, Thomas pleaded guilty to Counts 1, 2, 25, 26, and 27 as part of a written plea agreement.[10] Thomas affirmed that he had been previously convicted as alleged in the superseding bill of information.[11]

On September 27, 2007, this Court sentenced Thomas to serve a total of 300 months in prison.[12] The sentence included a term of imprisonment of 240 months with respect to Count 1,

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] R. Doc. No. 129.

[10] R. Doc. No. 130.

[11] *Id.*

[12] R. Doc. Nos. 289, 290.

140 months with respect to Counts 2 and 25, 60 months with respect to Count 26, and 120 months with respect to Count 27.[13] With the exception of Count 26, each of the sentences were ordered to be served concurrently.[14] Thomas did not file a direct appeal.

On April 9, 2012, Thomas filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.[15] Thomas alleges that he received ineffective assistance of counsel for three reasons. First, Thomas argues that his attorney was ineffective for failing to file a notice of appeal upon his request.[16] Thomas contends that his counsel assured him that the "high court" would automatically review his case.[17] Second, Thomas argues that his counsel was ineffective for failing to object to the superseding bill of information.[18] Thomas contends that his attorney told him that it was in his best interest to allow the "high court" to review the prior conviction.[19] Finally, Thomas argues that he was given insufficient time to review and comprehend the plea agreement and its consequences.[20] He contends that his attorney was ineffective by failing to request additional time to analyze and discuss the § 851 bill of information.[21]

## DISCUSSION

---

[13] *Id.*

[14] *Id.*

[15] R. Doc. No. 432.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

Before reaching the merits of Thomas's claims of ineffective assistance of counsel, this Court must determine whether Thomas has complied with the one-year statute of limitations. The statute of limitations for filing a motion to vacate under 28 U.S.C. § 2255 is found in 28 U.S.C. § 2255(f), which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations runs from the latest of the four possible dates listed in § 2255(f). *United States v. Jackson*, 470 Fed. App'x 324, 2012 WL 1521684, at *2 (5th Cir. May 1, 2012) (unpublished).

Where, as here, the defendant does not file a direct appeal, the defendant's conviction becomes final for purposes of § 2255(f)(1) upon the expiration of the time period for filing a direct appeal under Federal Rule of Appellate Procedure 4(b). *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). This Court entered its judgment in Thomas's case on September 28, 2007.[22] His conviction became final for the purposes of § 2255 ten days later on October 8,

---

[22] R. Doc. No. 290.

2007, when Thomas failed to initiate the direct appeal process.[23] The statute of limitations for filing a § 2255 motion expired one year later on October 8, 2008. Because Thomas did not file this motion to vacate until April 9, 2012, the motion is untimely under § 2255(f)(1).

The motion to vacate is also untimely when considered under § 2255(f)(4), which is the only other limitations period that potentially applies in this case. The limitations period under § 2255(f)(4) begins running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Under this provision, "a petitioner's diligence must merely be 'due' or 'reasonable' under the circumstances." *Starns v. Andrews,* 524 F.3d 612, 619 (5th Cir.2008) (analyzing 28 U.S.C. § 2244(d)(1)(D)). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize" he should act. *Johnson v. United States*, 544 U.S. 295, 308, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005). In applying § 2255(f)(4), "[t]he important thing is to identify a particular time when . . . diligence is in order." *Id.*

Thomas claims that his motion is timely filed because he only recently learned that his lawyer misled him to believe that a high court would automatically review the basis for establishing his prior convictions. However, this Court reviewed the terms of the plea agreement at length with Thomas before accepting his guilty plea.[24] Thomas specifically affirmed to this Court that he understood that any challenge to his prior conviction which he failed to raise before sentencing could not be raised later to attack his sentence.[25] Thomas cannot now claim—more

---

[23] The Federal Rules of Appellate Procedure were amended in 2009 to provide a fourteen day window to file a notice of appeal.

[24] *See* R. Doc. No. 320.

[25] THE COURT: Do you understand that any challenge to your prior conviction which is not raised before your sentencing may not be raised later to attack your sentence in this case, do you understand that? . . .

DEFENDANT JEREMIAH THOMAS: Yes, sir.

than four years later—that he was reasonable in believing there would be an automatic appeal for his prior convictions. Thomas could have discovered the facts supporting his ineffective assistance of counsel claims through the exercise of due diligence by refuting the basis of his prior convictions during his rearraignment,[26] by asking this Court for additional time to discuss the plea agreement with his counsel,[27] or by raising any concerns with respect to his waiver of appellate rights with the Court before sentencing. There is also no evidence that petitioner, following his sentence, ever made any inquiry regarding the review of his case before filing this motion. The one-year limitations period under § 2255(f)(4) began running, at the latest, on September 27, 2007, when his lawyer failed to object to the prior convictions during his sentencing and, instead, allegedly advised Thomas that he was entitled to an automatic appeal by a high court despite his waiver of appellate rights. *See United States v. Jackson*, 470 Fed. App'x 324, 2012 WL 1521684, at *2 (5th Cir. May 1, 2012) (unpublished) Because Thomas did not file this motion to vacate until April 9, 2012, the motion is untimely under § 2255(f)(4).

The Court further finds that the one-year statute of limitations is not subject to equitable tolling in this case. The U.S. Supreme Court has recognized that the one-year statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct.

---

*Id.* at 47.

[26] THE COURT: Are the facts contained in the superseding bill of information to establish prior conviction which establishes your prior convictions correct?

DEFENDANT MICHAEL RANDOLPH: Yes, sir.

DEFENDANT JEREMIAH THOMAS: Yes, sir.

*Id.* at 46-47.

[27] Thomas affirmed to the Court that he had sufficient time to discuss the case with his attorney; that he was entirely satisfied with the advice and services of his attorney; that the plea agreement described by the Assistant United States Attorney correctly stated the substance of his plea agreement; and that he fully understood the consequences of his guilty plea. *See id.* at 25-26, 44.

2549, 2560, 177 L. Ed. 2d 130 (2010). "A 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). The "diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Jackson*, 2012 WL 1521684, at *4 (quoting *Holland*, 130 S. Ct. at 2565). However, only "rare and exceptional" circumstances permit equitable tolling of the one year statute of limitations, and the burden falls on the habeas petitioner to establish that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008). Because Thomas has not shown that he had been pursuing his rights diligently in the four years and six months since his conviction became final, Thomas cannot establish that he is entitled to equitable tolling. *See Jackson*, 2012 WL 1521684, at *4.

## *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that the motion to vacate, set aside, or correct sentence, filed by defendant, Jeremiah Thomas, is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, August 13, 2012.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**